**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Adriana Nohemi Ochoa Quintero**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Polish Room LLC**, an Arizona limited liability company, **Polish Room 1 LLC**, an Arizona limited liability company, **Polish Room 3 LLC**, an Arizona limited liability company, and **Binh T. Nguyen and Giang N. Vo**, a Married Couple, | |
| Defendants. | |

Plaintiff, Adriana Nohemi Ochoa Quintero ("Plaintiff" or "Adriana Nohemi Ochoa Quintero"), sues the Defendants, Polish Room LLC, Polish Room 1 LLC, Polish Room 3 LLC, and Binh T. Nguyen and Giang N. Vo (collectively, all Defendants are referred to as "Defendants" or "The Polish Room") and alleges as follows:

-1-

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. This is an action for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Polish Room LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Polish Room LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Polish Room LLC owned and operated as "The Polish Room," an enterprise operating as a chain of nail salons doing business in Maricopa County, Arizona.

10. Under the FLSA, Defendant Polish Room LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Polish Room LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with

Defendants. As a person who acted in the interest of Defendants in relation to The Polish Room's employees, Defendant Polish Room LLC is subject to liability under the FLSA.

11. At all material times, Defendant Polish Room 1 LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Polish Room 1 LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12. At all relevant times, Defendant Polish Room 1 LLC owned and operated as "The Polish Room," an enterprise operating as a chain of nail salons doing business in Maricopa County, Arizona.

13. Under the FLSA, Defendant Polish Room 1 LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Polish Room 1 LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to The Polish Room's employees, Defendant Polish Room 1 LLC is subject to liability under the FLSA.

14. At all material times, Defendant Polish Room 3 LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Polish Room 3 LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

-4-

15. At all relevant times, Defendant Polish Room 3 LLC owned and operated as "The Polish Room," an enterprise operating as a chain of nail salons doing business in Maricopa County, Arizona.

16. Under the FLSA, Defendant Polish Room 3 LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times Defendant Polish Room 3 LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to The Polish Room's employees, Defendant Polish Room 3 LLC is subject to liability under the FLSA.

17. Defendants Binh T. Nguyen and Giang N. Vo are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Binh T. Nguyen and Giang N. Vo are owners of The Polish Room and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18. Under the FLSA, Defendants Binh T. Nguyen and Giang N. Vo are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Binh T. Nguyen and Giang N. Vo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to The Polish Room's employees, Defendants Binh T. Nguyen and Giang N. Vo are subject to individual liability under the FLSA.

19. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of nail salons doing in business in Maricopa County, Arizona.

24. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA.

25. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned enterprise.

26. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

27. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

28. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

29. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

31. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

32. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

33. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

34. On information and belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

35. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

36. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

37. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

38. Defendants own and/or operate as The Polish Room, an enterprise that is a chain of nail salons doing business in Maricopa County, Arizona.

39. In or around 2018, Plaintiff began working for Defendants as a janitor, performing non-exempt, unskilled, manual labor related to cleaning Defendants' three nail salons.

40. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a daily rate of $160 on Friday and Saturdays and $120 on Sundays, Mondays, Tuesdays, Wednesdays, and Thursdays, regardless of the number of hours Plaintiff actually worked.

41. At all relevant times, in her work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a daily rate of $160 on Friday and Saturdays and $120 on Sundays, Mondays, Tuesdays, Wednesdays, and Thursdays, regardless of the number of hours Plaintiff actually worked, and regardless of whether she worked in excess of 40 hours in a given workweek.

42. Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

43. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

44. Defendants controlled Plaintiff's schedules.

45. At all relevant times, Plaintiff was economically dependent on Defendants.

46. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants set Plaintiff's work schedule;

    c. Defendants set Plaintiff's rate of pay;

    d. Defendants supervised Plaintiff and subjected her to Defendants' rules;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in her work for Defendants were integral to Defendants' business;

      g.      Plaintiff was hired to work a non-specific duration for Defendants, working more than six years straight for Defendants;

      h.      Plaintiff had no right to refuse work assigned to her by Defendants;

47. Plaintiff worked for Defendants through approximately January 4, 2025.

48. During Plaintiff's employment with Defendants, Plaintiff generally worked a minimum of every Friday and Saturday, as well as at minimum three additional days between Sunday and Thursday.

49. Often, however, Plaintiff worked more days per week, often working all seven days per week when Defendants' nail salons were busy.

50. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 50 and 60 hours per workweek.

51. At all relevant times, Plaintiff was generally paid on a weekly basis.

52. Plaintiff generally worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

53. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

54. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

55. At all relevant times, Plaintiff worked approximately between ten (10) and twenty (20) hours or more of overtime per week.

56. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

57. At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

58. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

59. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

60. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

62. Plaintiff is a covered employee within the meaning of the FLSA.

63. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

67. In a given workweek, Defendants willfully failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

68. As a result of Defendants' willful failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

69. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

70. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

71. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal and state law, and

Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

72. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

73. Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Adriana Nohemi Ochoa Quintero, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of January, 2025.

          BENDAU & BENDAU PLLC

          By: /s/ *Clifford P. Bendau, II*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Adriana Nohemi Ochoa Quintero, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

*Adriana Ochoa*
Adriana Noemí Ochoa Quintero (Jan 24, 2025 12:45 MST)

Adriana Nohemi Ochoa Quintero